UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEVE MCLEOD,

    Plaintiff,

    v.

FIFTH JUDICIAL DISTRICT OF PA, et al.,

    Defendants.

Civil Action No. 20-20475 (RK) (DEA)

**MEMORANDUM OPINION**

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon the Court's review of the docket and upon Plaintiff Steve McLeod's ("Plaintiff") proposed Amended Complaint. ("Second Amended Complaint" or "SAC," ECF No. 62.) This case, filed in 2020, has a long and tortured procedural history. Most recently, all pending motions were administratively terminated, and this case was stayed at the request of Plaintiff. Thereafter, Plaintiff filed a proposed Second Amended Complaint, and this case was reopened. Upon review of the Second Amended Complaint, the Court has determined that it lacks subject matter jurisdiction over this action. For the reasons that follow, this case is **DISMISSED** without prejudice.

**I.    BACKGROUND**

    This case is one of a myriad of lawsuits that Plaintiff has filed in this District in the wake of a contentious child custody proceeding that occurred in Pittsburgh, Pennsylvania. (*See McLeod v. Camper et al.*, No. 19-20421; *McLeod v. UPMC Children's Hospital of Pittsburgh, et al.*, No. 21-116; *McLeod v. Brick Township Police Department*, No. 22-5704; *McLeod v. Camper, et al.*, No. 23-2374.) The Court will not recount Plaintiff's child custody-related litigation history, which is treated in depth in this Court's Opinion dismissing Plaintiff's 2019 complaint in a different

matter for lack of personal jurisdiction. (*See* Opinion, *McLeod v. Camper et al.*, No. 19-20421, ECF No. 61.)

In the instant matter, the proposed Second Amended Complaint is difficult to discern. It appears to name twenty-three (23) defendants,[1] and it involves many of the same underlying incidents and Defendants as Plaintiff's other matters. As with his other Complaints, Plaintiff alleges that numerous Defendants have made false allegations of child abuse against him, that judges who serve in the Fifth Judicial District of Pennsylvania have discriminated against him or otherwise abused their authority in connection with his child custody proceedings, that he has been blocked from communicating with his daughter and denied visitation rights, and that his daughter is receiving mental health treatment at UPMC Children's Hospital of Pittsburgh without his consent. (*Compare* SAC *with* Third Amended Complaint, *McLeod v. Camper et al.*, No. 19-20421, ECF No. 45 *and with* Amended Complaint, *McLeod v. UPMC Children's Hospital of Pittsburgh, et al.*, No. 21-116, ECF No. 31.) Plaintiff also appears to allege that his Social Security benefits are being improperly garnished, presumably in connection with child support proceedings. (SAC at *25.) Plaintiff further alleges that Brick Township police officers have harassed him and his daughter. (*Id.* at *15.) Plaintiff also seems to bring other allegations of discrimination pertaining to his interactions the Brick Ownership Police Department regarding a package that was allegedly stolen from his porch. (*Id.* at *16.)

---

[1] Defendants are the Fifth Judicial District of Pennsylvania, Judge Cathleen Bubash, Judge Hugh Fitzpatrick McGough, Judge Daniel Regan, Judge Sabrina Korbel, Judge Kim Eaton, Chester Beattie, the Women Center and Shelter of Greater Pittsburgh, Margaret Prescott, Dickie McCamey and Chilcote PC, Jeffrey Hantz, Tara Hopper Rice, the Allegheny Law Department Tittle IV Solicitor, the Alleghany County Office of Children, Youth, and Families, Donald Jerich, New Jersey Department of Children and Families, Tara Matthews, the Brick Township Police Department, the Allegheny County Sheriff Department, the Deputy Sheriff of Allegheny County Sheriff Department, Donald Macejka, Carolyn Jones, Lavaughn Lane Evans, and the Social Security Administration.

Plaintiff filed the instant case on December 29, 2020, along with an application to proceed *in forma pauperis* ("IFP"). (ECF No. 1.) On January 19, 2021, the originally-named Defendants moved to dismiss for lack of personal jurisdiction and based on *Rooker-Feldman* and immunity doctrines. (ECF No. 3.) Plaintiff thereafter sought the appointment of *pro bono* counsel and to amend his complaint. (ECF Nos. 4, 5.) The Honorable Judge Zahid N. Quraishi, then U.S.M.J., denied Plaintiff's Motion to Appoint Pro Bono Counsel but permitted Plaintiff to file a First Amended Complaint. (ECF Nos. 10, 11.) Plaintiff subsequently filed another Motion to Appoint Pro Bono Counsel, a First Amended Complaint, and a Motion for Preliminary Injunction. (ECF Nos. 12, 13, 14.) The Clerk of Court administratively terminated Defendants' Motion to Dismiss, and the Honorable Judge Brian R. Martinotti, U.S.D.J., granted Plaintiff's application to proceed IFP and ordered the Clerk of Court to file Plaintiff's First Amended Complaint. (ECF No. 16.) Thereafter, there was a flurry of motions on the docket, including multiple Motions to Dismiss as well as a third Motion to Appoint Pro Bono Counsel, a second Motion for Preliminary Injunction, and a Motion to Enforce Subpoena filed by Plaintiff. (*See* ECF Nos. 20, 32, 36, 45, 51.)

On August 24, 2022, Judge Quraishi, now U.S.D.J., issued an Order to Show Cause why this matter should not be dismissed for lack of subject matter jurisdiction. (ECF No. 53.) Judge Quraishi advised that Plaintiff may show cause by filing a certification or by filing a Second Amended Complaint that sets forth a valid basis for jurisdiction by September 23, 2022. (*Id.*) Rather than respond as instructed by the Court, Plaintiff filed yet another Motion to Appoint Pro Bono Counsel. (ECF No. 56.) After Judge Quraishi issued another Order to Show Cause regarding why this matter should not be consolidated with Plaintiff's other cases in this District, Plaintiff requested that this action be adjourned for six (6) months due to Plaintiff's medical issues. (ECF

3

Nos. 58, 59.) Accordingly, on January 30, 2023, this matter was stayed and administratively terminated. (ECF No. 60.)

On April 28, 2023, Plaintiff filed the proposed Second Amended Complaint which is now pending before this Court. (ECF Nos. 62.) In May 2023, Judge Quraishi ordered the Clerk of Court to reopen this matter, Plaintiff filed another application to proceed IFP, and this case was reassigned to the Undersigned. (ECF Nos. 63, 64, 65.) As Plaintiff has already been given permission to proceed IFP in this matter, the Court finds it unnecessary to revisit Plaintiff's financial position. The Court now considers, *sua sponte*, whether the Second Amended Complaint establishes a basis for this Court to exercise subject matter jurisdiction. The Court concludes that it does not.

## II.   LEGAL STANDARD

Federal courts are courts of limited, not general jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541–42 (1986). A district court must have subject matter jurisdiction through "power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Subject matter jurisdiction may be based on diversity of citizenship or on a federal question raised in the case. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the matter "is between citizens of different States." 28 U.S.C. 1332(a)(1). The party asserting diversity jurisdiction bears the burden of proof. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). A party meets this burden by proving diversity jurisdiction by a preponderance of the evidence. *McNutt,* 298 U.S. at 189. Federal question jurisdiction exists when a plaintiff asserts a claim "arising under the constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law within the meaning of section 1331 when "a well-

pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citation omitted); *see also Trent Realty Assoc. v. First Fed. Sav. & Loan Ass'n. of Phila.*, 657 F.2d 29, 33 (3d Cir. 1981) (citation omitted) ("The federal question must appear on the face of a well-pleaded complaint.").

District courts also share concurrent jurisdiction with the Court of Federal Claims over certain non-tort actions brought against the United States. *See* 28 U.S.C. § 1346(a)(2) (sometimes referred to as the "Little Tucker Act"). This provision gives district courts jurisdiction over claims for money damages of less than $10,000 founded on the Constitution. *See Lemus v. McAleenan*, No. 20-3344, 2021 WL 2253522, at *3 (D.N.J. June 3, 2021); *Wilkens v. United States*, No. 03-1837, 2004 WL 1198138, at *3 (D.N.J. Feb. 19, 2004). For claims in which more than $10,000 is at issue, courts have interpreted the Tucker Act to provide for exclusive jurisdiction to the Court of Federal Claims. *See Dia Nav. Co. v. Pomeroy*, 34 F.3d 1255, 1267 (3d Cir. 1994) (collecting cases).

A district court must presume that it lacks jurisdiction over a matter unless jurisdiction is shown to be proper. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Moreover, a court may raise the issue of its own subject matter jurisdiction *sua sponte* at any time. *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("[F]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*."). It is well-settled that if a court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003); *Ben-Haim v. Neeman*, 543 F. App'x 152, 154 (3d Cir. 2013). As Plaintiff is proceeding *pro se*, the

Court construes the allegations in the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

### III. DISCUSSION

Based on the Court's *sua sponte* review of this case, the Court finds that Plaintiff's Second Amended Complaint fails to establish subject matter jurisdiction. Accordingly, it is appropriate to dismiss the Complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3).

The Second Amended Complaint checks two boxes for the bases of this Court's jurisdiction: (1) Diversity of Citizenship and (2) U.S. Government Defendant. The Court will begin with diversity. In his August 24, 2022 Order to Show Cause as to why Plaintiff's First Amended Complaint should not be dismissed for lack of subject matter jurisdiction, Judge Quraishi cautioned that, because Plaintiff provided a New Jersey address for a defendant in this action, the Court may not have complete diversity. (ECF No. 53.) In his Second Amended Complaint, Plaintiff failed to cure this issue. Rather, Plaintiff's proposed pleading lists New Jersey addresses for *multiple* defendants: he lists addresses in Toms River, New Jersey for Defendants New Jersey Department of Children and Families and Tara Matthews and an address in Brick, New Jersey for Defendant Brick Township Police Department. (SAC at *10–11.) Indeed, Plaintiff lists "New Jersey" as his own "state(s) of citizenship" and lists "New Jersey and Pennsylvania" for "Defendant(s) state(s) of citizenship." (*Id.* at *2.) "Section 1332 requires complete diversity: every defendant must have different citizenship from every plaintiff." *CNX Gas Co. v. Lloyd's of London*, 410 F. Supp. 3d 746, 751 (W.D. Pa. 2019) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990)). Plaintiff has not met his burden of demonstrating that complete diversity exists in the case at bar.

Next, the Court addresses whether subject matter jurisdiction exists under 28 U.S.C. § 1346 based on Plaintiff's naming of the Social Security Administration ("the SSA") as a Defendant in this action. Plaintiff's claims against the SSA are sparse and somewhat difficult to discern. Plaintiff appears to be alleging that the SSA has impermissibly garnished Plaintiff's income from disability benefits pursuant to a state court child support order. (SAC at *25.) According to Plaintiff, the Allegheny Law Department violated 31 U.S.C. § 3729 and 18 U.S.C. § 286 by sending false information to the SSA for garnishment. (*Id.* at *25, 29.) Plaintiff appears to argue that the Court has jurisdiction because plaintiff is seeking a "reimburse[ment] . . . for the amount deducted from his social security disability . . . ." (*Id.* at *32–33.)

First, the Court notes that Plaintiff takes issue with Defendant Allegheny Law Department's alleged provision of false information to the SSA—not conduct by the SSA itself.[2] Second, Plaintiff attempts to allege that the garnishment of his Social Security benefits violates the False Claims Act, 31 U.S.C. § 3729. (*Id.* at *25.) As the Court noted in its Memorandum Opinion dismissing Plaintiffs' Complaint in another of Plaintiff's cases, the False Claims Act imposes civil liability upon "[a]ny person" who, *inter alia*, "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a). The act does not subject a state or state agency to liability for suits brought by private individuals. *Vermont Agency of Nat. Res. v. U.S. ex*

---

[2] The Court also notes that, to the extent that Plaintiff is attempting to bring a Constitutional claim against the SSA under the Little Tucker Act, this Court would only have jurisdiction if Plaintiff seeks damages that do not exceed $10,000. Otherwise, Plaintiff's claim would be within the exclusive jurisdiction of the Court of Federal Claims. *See Dia Nav. Co.*, 34 F.3d at 1267 (upholding a district court's dismissal for lack of jurisdiction when the amount sought exceeded $10,000 and therefore violated the Tucker Act's "explicit jurisdictional bar.") In the instant case, Plaintiff attempts to seek reimbursement for the amount deducted from his disability benefits, which according to Plaintiff is $651 per month since May 21, 2018, which would result in damages in excess of $45,000. The Court would be barred from exercising jurisdiction over such a claim.

*rel. Stevens*, 529 U.S. 765, 787 (2000). Moreover, Plaintiff has not followed the requisite procedures set forth in 31 U.S.C. § 3703(b) for bringing a qui tam action under the False Claims Act. (*See* Memorandum Opinion, *McLeod v. Camper et al.*, No. 19-20421, ECF No. 61 at 12 n.10 (rejecting Plaintiff's attempt to bring a claim under the False Claims Act).) Third, to the extent that Plaintiff is attempting to bring claims under 18 U.S.C. §§ 1519, 286, or 242 pertaining to the garnishment of his Social Security benefits, as this Court has also previously noted, these are criminal statutes and therefore do not provide a private cause of action. *See, e.g., Graf v. Iora*, No. 23-01375, 2023 WL 7031544, at *3 (M.D. Pa. Sept. 20, 2023) (collecting cases); (*see also* Memorandum Opinion, *McLeod v. Camper et al.*, No. 19-20421, ECF No. 61 at 12 (rejecting Plaintiff's attempt to bring claims under criminal statutes).) Accordingly, the Court finds that, although Plaintiff checked the box for "U.S. Government Defendant," this does not provide a basis for this Court to exercise subject matter jurisdiction over this case.[3]

---

[3] Courts may dismiss cases for lack of jurisdiction "due to merits-related defects in only narrow categories of cases." *Davis v. Wells Fargo*, 824 F.3d 333, 349–50 (3d Cir. 2016). For example, "'where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" *Id.* at 350 (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). Dismissal for lack of jurisdiction is appropriate where the claims are "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* (quoting *Kulick v. Pocono Downs Racing Association*, 816 F.2d 895, 899 (3d Cr. 1987)). In the instant matter, the Court finds that Plaintiff's attempt to name the SSA as a Defendant is "wholly insubstantial and frivolous" and thus fails to invoke the Court's subject-matter jurisdiction. *Davis*, 824 F.3d at 350 (quotation marks omitted); *see also Lampon-Paz v. United States Dep't of Just.*, 793 F. App'x 137, 141 (3d Cir. 2019).

## CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint is **DISMISSED** without prejudice for lack of subject matter jurisdiction. Plaintiff may file an amended pleading that cures the jurisdictional defects identified by the Court. Failure to file a Third Amended Complaint within thirty (30) days of this Opinion will result in dismissal of this case with prejudice. In light of the previous adjournments afforded Plaintiff in this matter, no further extensions will be considered by the Court. An appropriate Order will accompany this Opinion.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: April 23, 2024