**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEVE MCLEOD, | |
| Plaintiff, | |
| v. | Civil Action No. 20-20475 (RK) (JTQ) |
| FIFTH JUDICIAL DISTRICT OF PA, *et al.*, | **MEMORANDUM OPINION** |
| Defendants. | |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Motions to Dismiss Plaintiff's Third Amended Complaint (ECF No. 70, "TAC") filed by Fifth Judicial District of Pennsylvania Defendants[1] (ECF No. 73) and by Defendants Margaret Prescott and the Women's Center & Shelter of Greater Pittsburgh (ECF No. 74).[2] *Pro se* Plaintiff Steve McLeod ("Plaintiff") filed Responses in Opposition to the Motions to Dismiss, (ECF Nos. 76, 77) and Defendants Margaret Prescott and the Women's Center & Shelter of Greater Pittsburgh filed a Reply Brief (ECF No. 78). The Court has considered the parties' briefing and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth

---

[1] Fifth Judicial District of Pennsylvania Defendants (the "PA Judicial Defendants") include the Fifth Judicial District of Pennsylvania, the Honorable Daniel D. Regan, the Honorable Cathleen Bubash, the Honorable Hugh F. McGough, the Honorable Sabrina Korbel, the Honorable Kim Eaton, and Hearing Officer Chester V. Beattie, III.

[2] Additional non-moving Defendants include Dickie McCamey and Chilcote PC, Jeffrey Hantz, Tara Hopper Rice, the Allegheny Law Department Title IV Solicitor, the Alleghany County Office of Children, Youth, and Families, Donald Jerich, New Jersey Department of Children and Families, Tara Matthews, the Brick Township Police Department, the Allegheny County Sheriff Department, the Deputy Sheriff of Allegheny County Sheriff Department, Donald Macejka, Carolyn Jones, Lavaughn Lane Evans, and the Social Security Administration.

below, the Motions to Dismiss (ECF Nos. 73, 74) are **GRANTED** and Plaintiff's Third Amended

Complaint is **DISMISSED without leave to amend**.[3] The Court notes that the subject Third

Amended Complaint is Plaintiff's fourth operative complaint.

## I.    BACKGROUND

The Court declines to recount the procedural history of this case—dating back to the filing

of the initial complaint in December 2020—which was already recited in the Court's April 23,

2024 Memorandum Opinion (ECF No. 66, "April 2024 Op.") dismissing the Second Amended

Complaint. Nevertheless, the Court reemphasizes that this is just one of many cases Plaintiff has

filed recently. (*See* April 2024 Op. 1–4.) From the Court's records, it appears that since 2019

Plaintiff has filed eight other cases in the District of New Jersey, and one in New Jersey state

court.[4]

After the Court dismissed Plaintiff's Second Amended Complaint, Plaintiff filed the

operative Third Amended Complaint. (*See generally* TAC.) The TAC does not elucidate the

disjointed and hard to discern allegations contained in prior complaints. Consistent with the prior

complaints, the TAC is brought based on Plaintiff's dissatisfaction with child custody proceedings

and various stakeholders involved in them. Allegations in the TAC include that certain judges on

the Fifth Judicial District of Pennsylvania "contact[ed] Brick Township Police Department to show

up at the Plaintiff's home to harass him" and "made a final order to suspend all custody and pretend

---

[3] Plaintiff's Responses in Opposition to Motions to Dismiss (ECF Nos. 73, 74) include "requests that the court adjourn [this] case until March 2025." (ECF Nos. 76 at 8; 77 at 2.) The Court declines to adjourn this case or otherwise issue a stay because this action is ripe for dismissal and Defendants are entitled to finality to this case, which was commenced in 2020.

[4] District of New Jersey cases: *McLeod v. Rodriguez*, No. 19-12360; *McLeod v. Fifth Judicial District, et al.*, No. 19-12893; *McLeod v. Camper et al.*, No. 19-20421; *McLeod v. Fitzpatrick Mcgough et al.*, No. 20-1362; *McLeod v. UPMC Children's Hospital of Pittsburgh, et al.*, No. 21-116; *McLeod v. Costco Whole Sale*, No. 21-11757; *McLeod v. Brick Township Police Department*, No. 22-5704; *McLeod v. Camper, et al.*, No. 23-2374. New Jersey state court case: *McLeod v. Costco*, No. L-000901-21.

that Plaintiff had mental health issues to retaliate and justified his actions." (*See* TAC at 7.) Claims are purportedly brought for intentional infliction of emotional distress, conspiracy, and spoilation of evidence, as well as claims pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 242. (*See* TAC at 7–11.)

Shortly after the filing of this amended complaint, two sets of Defendants moved to dismiss the complaint. The PA Judicial Defendants moved for dismissal under Federal Rules of Civil Procedure ("Rule" or "Rules") 12(b)(1), 12(b)(2), and 12(b)(6) on the grounds of (i) lack of personal jurisdiction; (ii) Eleventh Amendment immunity; (iii) judicial immunity; (iv) the *Rooker-Feldman* doctrine; and (v) non-cognizable claims. (*See* ECF No. 73.) Margaret Prescott and the Women's Center and Shelter of Greater Pittsburgh also moved to under Rules 12(b)(2), 12(b)(6), and 41(b) on the basis of (i) the doctrine of collateral estoppel; (ii) judicial immunity; (iii) improper service; (iv) lack of personal jurisdiction; and (v) failure to comply with rules and Court orders. (*See* ECF No. 74.)

In addition to considering the Motions to Dismiss (ECF Nos. 73, 74), the Court performs its screening function under 28 U.S.C. § 1915 to consider whether it now has subject matter jurisdiction. Just as it found in its prior Memorandum Opinion and Order (ECF Nos. 65, 66), the Court concludes that it is without jurisdiction.

## II.    LEGAL STANDARD

Federal courts are courts of limited, not general jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541–42 (1986). A district court must have subject matter jurisdiction through "power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Subject matter jurisdiction may be based on diversity of citizenship or on a federal question raised in the case. Diversity jurisdiction exists where the amount in

controversy exceeds $75,000 and the matter "is between citizens of different States." 28 U.S.C. 1332(a)(1). The party asserting diversity jurisdiction bears the burden of proof. *See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018). A party meets this burden by proving diversity jurisdiction exists by a preponderance of the evidence. *Id.* Federal question jurisdiction exists when a plaintiff asserts a claim "arising under the constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law within the meaning of section 1331 when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citation omitted); *see also Trent Realty Assoc. v. First Fed. Sav. & Loan Ass'n of Phila.*, 657 F.2d 29, 33 (3d Cir. 1981) (citation omitted) ("The federal question must appear on the face of a well-pleaded complaint.").

A district court must presume that it lacks jurisdiction over a matter unless jurisdiction is shown to be proper. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Moreover, a court may raise the issue of its own subject matter jurisdiction *sua sponte* at any time. *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("[F]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*."). It is well-settled that if a court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003); *Ben-Haim v. Neeman*, 543 F. App'x 152, 154 (3d Cir. 2013). As Plaintiff is proceeding *pro se*, the Court construes the allegations in the TAC liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

III. **DISCUSSION**

The Court finds that Plaintiff's Third Amended Complaint suffers the same fate as its predecessor complaints and fails to establish subject matter jurisdiction. Accordingly, it is appropriate to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).

Subject matter jurisdiction may be based on diversity of citizenship, federal question, or a federal government defendant in certain limited situations, such as under 28 U.S.C. § 1346. The Court examines each of these possible grounds for jurisdiction in turn.

A. **DIVERSITY OF CITIZENSHIP**

The Court first examines whether there is diversity jurisdiction under 28 U.S.C. § 1332. The Court, in its April 23, 2024 Memorandum Opinion, found that the Second Amended Complaint lacked complete diversity sufficient to confer diversity jurisdiction because the Plaintiff and certain Defendants have addresses in New Jersey. (April 2024 Op. at 6.) This is incompatible with diversity jurisdiction under § 1332, which requires that every defendant have different state citizenship from every plaintiff. *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (citing *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003)).

Plaintiff's Third Amended Complaint retains certain defendants with New Jersey addresses, such as Defendant Brick Township and Defendant NJ Department of Children Youth and Family Services. (TAC at 4, 6.) Thus, since Plaintiff and some Defendants are citizens of New Jersey, there is no complete diversity sufficient to confer diversity jurisdiction.

B. **U.S. GOVERNMENT DEFENDANT**

The Court will now look whether it has jurisdiction based on a federal government defendant under 28 U.S.C. § 1346. The Court's prior Opinion found that the Second Amended

Complaint's listing of the Social Security Administration as a defendant was "wholly insubstantial and frivolous" and otherwise insufficient confer to federal jurisdiction under § 1346. (April 2024 Op. at 8 n.3.) Now, the Social Security Administration is removed as a defendant in the Third Amended Complaint and is completely absent beside a mere fleeting reference.[5] Thus, there is no possible federal jurisdiction based on federal government defendants. *See, e.g., Yancoskie v. Delaware River Port Auth.*, 528 F.2d 722, 726 (3d Cir. 1975) ("The instant suit is not against the Federal Government, and the rationale for affording federal court jurisdiction over actions against the Federal Government has no application to this case.")

### C.    FEDERAL QUESTION

Although the Third Amended Complaint does not list federal question jurisdiction as a basis for federal court jurisdiction, the Court, nevertheless, assesses whether § 1331(a)(1) can confer subject matter jurisdiction. The TAC contains only two federal statutes that could confer federal jurisdiction: 18 U.S.C. § 242 and 42 U.S.C. § 1983. But any claims under § 242 can be quickly disposed of because that section represents a criminal statute of which no private cause of action exists. *See Davis v. Warden Lewisburg USP*, 594 F. App'x 60, 61 n.3 (3d Cir. 2015); *see also Scheufler v. Mitchell*, No. 23-21030, 2024 WL 4696158, at *5 (D.N.J. Nov. 6, 2024). Plaintiff's other claims, under § 1983, involve assertions that he "was threatened by Judge Daniel Regan" and the Judge "was going to put the plaintiff in a 'BULL PEN.'" (TAC at 7.) However, because Plaintiff's § 1983 claims are brought exclusively against Defendants who are immune

---

[5] While the TAC does allege "Social Security failed to allow Plaintiff to appeal garnishment and took over 75% of Plaintiff's Social Security," (TAC at 7), this assertion can only support claims that are "wholly insubstantial and frivolous." *See e.g., Hill on Behalf of Republic First Bancorp Inc. v. Cohen*, 40 F.4th 101, 111 (3d Cir. 2022) (dismissing for lack of subject matter jurisdiction when federal claims are "completely devoid of merit" (citations omitted)). Therefore, invoking the Social Security in the Complaint is still insufficient to establish subject matter jurisdiction.

from suit, these claims must be dismissed and cannot form the basis of federal question jurisdiction.

The Eleventh Amendment to the United States Constitution bars claims brought in federal court against states, state agencies, and state officials acting within the scope of their official capacities. *See Chilcott v. Erie Cnty. Domestic Rels.*, 283 F. App'x 8, 10 (3d Cir. 2008). Pennsylvania has not waived its Eleventh Amendment immunity, *see Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000); therefore, the Fifth Judicial District of Pennsylvania, as an arm of the state, is immune from § 1983 claims in this suit. Moreover, "judges and [] the employees assisting judges in the performance of their judicial duties" are immune just the same. *Caldwell v. Vineland Mun. Ct.*, No. 08-4102, 2011 WL 900055, at *2 (D.N.J. Mar. 14, 2011); *see also Martinez v. McCormick*, No. 24-1412, 2024 WL 3534689, at *1 (3d Cir. July 25, 2024) (declaring judges are entitled to judicial immunity against claims for both damages and injunctive relief). Therefore, the PA Judicial Defendants are immune from § 1983 claims. As there are no other § 1983 allegations against any other defendants, § 1983 cannot confer federal question jurisdiction. Since there are no remaining pathways to federal jurisdiction, this Court lacks subject matter jurisdiction over the Third Amended Complaint, and it must be dismissed *in toto*.[6]

---

[6] As the Court lacks subject matter jurisdiction, its decision does not exhaust additional credible grounds for dismissal, which may include collateral estoppel, lack of personal jurisdiction, *Rooker-Feldman* doctrine, and improper service.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff's Third Amended Complaint is **DISMISSED** without leave to amend. *See, e.g., Lampon-Paz v. United States Dep't of Just.*, 793 F. App'x 137, 141 (3d Cir. 2019) (denying leave to amend when complaint "fail[s] to invoke the District Court's subject-matter jurisdiction" "because [plaintiff] had ample opportunity to amend and because amendment would have been futile."); *see also Roberts v. Mayor & Burgesses of London Borough of Brent*, 70 F. App'x 615, 619 (3d Cir. 2003) ("We have held that where the absence of subject matter jurisdiction is apparent from the face of a complaint, any amendment would be futile, and hence dismissal without leave to amend is proper." (citing *Miklavic v. USAir*, 21 F.3d 551, 557–58 (3d Cir. 1994))).

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

<u>Dated</u>: December 31, 2024

8